**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE THE ALLSTATE CORPORATION SECURITIES LITIGATION | Case No. 16-cv-10510<br>Hon. Robert W. Gettleman<br>CLASS ACTION |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO BIFURCATE TRIAL**

## I. INTRODUCTION

Lead Plaintiffs Carpenters Pension Trust Fund for Northern California and Carpenters Annuity Trust Fund for Northern California (together, the "Northern California Carpenters") and Class Representative City of Providence ("Providence" and, together with the Northern California Carpenters, "Plaintiffs") respectfully submit this reply memorandum in support of their motion to bifurcate the trial of this securities class action into two phases.

Plaintiffs' bifurcation proposal is wholly based on the trial structure approved by the Seventh Circuit in *Glickenhaus & Co. v. Household International, Inc.*, 787 F.3d 408, 429 (7th Cir. 2015). Defendants complain it is vague. But that is belied by the granular level of detail in the Seventh Circuit's opinion:

> In Phase I the jury addressed all issues that were appropriate for class-wide resolution—e.g., whether any of the 40 possible false statements were actionable misrepresentations, whether they were material, who was liable for which misrepresentations, and how much inflation the actionable misrepresentations caused in the stock price. Phase II addressed the remaining issues—e.g., reliance questions and the calculation of individual class members' damages.

*Id*. at 430; *see also* Pls.' Opening Br. (ECF 510) at 1; *see also id.* at 4-5 (detailing Phase II trial procedures approved by the Seventh Circuit in *Household*).

Defendants' vagueness argument is also belied by the fact that Plaintiffs' clearly marked each potential witness, deposition designation and trial exhibit to which they object on the specific grounds that they are irrelevant to Phase I of the trial. *See* ECF No. 517 (proposed pretrial order), Exs. C, D, F.

Plaintiffs gave Defendants several opportunities to explain whether and how they proposed departing from the *Household* trial structure, but Defendants provided no substantive response until they filed their opposition to Plaintiffs' bifurcation motion.

Defendants now oppose bifurcation, arguing that bifurcation is not the standard practice for securities class action trials. That is demonstrably false. Securities class action trials are routinely bifurcated. Defendants mischaracterize Plaintiffs' proposal as outlandish. Not so. In fact, *Household* is the leading case in this Circuit, and the majority of other recent securities class action trials have been similarly bifurcated. Defendants' authorities are the outlier cases, many of which are unreported decisions in cases that were never tried, and all of which are out-of-circuit and otherwise distinguishable.

As set forth below, Defendants' other arguments should be rejected and, for the reasons stated herein and in Plaintiffs' opening brief, Plaintiffs' bifurcation motion should be granted.

## II. ARGUMENT

### A. Bifurcation Is the Standard Practice for Securities Class Action Trials.

Securities class action trials are routinely bifurcated. *See, e.g.*, Joint Case Mgmt. Statement, ECF No. 570, *In re Twitter Inc. Sec. Litig.*, No. 3:16-cv-05314-JST (N.D. Cal. Jan. 22, 2021); Defs.' Mem. Of Law in Support of Their Mot. for Leave to Amend the Final Pretrial Order, ECF No. 818-1, *Hsu v. Puma Biotechnology,* No. 15-0865 (C.D. Cal. Mar. 29, 2019); *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512 (S.D.N.Y. 2011), *aff'd*, 838 F.3d 223 (2d Cir. 2016) (bifurcated as to individual reliance); *Jaffe v. Household Int'l, Inc.*, 756 F. Supp. 2d 928, 930 (N.D. Ill. 2010); Tr. of Continued Pretrial Conf., ECF No. 524, *In re BankAtlantic Bancorp, Inc. Sec. Litig.*, No. 07–61542–CIV (S.D. Fla. Oct. 7, 2010).

Defendants point to the recent trial in the Tesla case as a counterexample. But before that trial, the District Court granted summary judgment for the plaintiffs on the elements of falsity and scienter. Unsurprisingly, the parties ***stipulated*** that the trial need not be bifurcated in that context. *See* Joint Pretrial Statement at 23, ECF No. 474, *In re Tesla, Inc. Sec. Litig.*, No. 3:18-cv-04865-

EMC (N.D. Cal. Sept. 20, 2022). Here, in contrast, Plaintiffs must prove every element of their securities fraud claims at trial.

Defendants' other out-of-circuit authorities—none of which arose in cases that were actually tried—are also inapt. For example, in *In re Oxford Health Plans, Inc. Securities Litig*ation, 244 F. Supp. 2d 247, 248 (S.D.N.Y. 2003), the court's decision did not turn on the bifurcation issue. Rather the court explicitly stated: "***The motion seeks more than mere bifurcation***; it is a broadside attack on the long existing assumptions and procedures relating to trials of class action litigation generally, and specifically securities fraud class actions." *Id.*[1] The primary issue was "Defendants' contention that the PSLRA bars an award at trial of aggregate class-wide damages in order to create a common fund for the non-party absent class members." *Id.* at 249 (rejecting the defendants' argument). Notably, this is the opposite of what Defendants argue here. *See* Section II.C, *infra* (addressing Defendants' argument that they will be prejudiced if evidence and testimony concerning aggregate damages are excluded from Phase I of the trial). Moreover, it has nothing to do with Plaintiffs' justifications for bifurcation here—*i.e.*, to promote efficiency and avoid prejudice. Pls.' Opening Br. at 2-4.

Defendants' other out-of-circuit authorities are from cases that did not go to trial and are even more inapt:

- In *In re Veeco Instruments, Inc. Securities Litigation*, the plaintiffs intended "to present their damages evidence using a class-wide formula," with "no issues of individual reliance," rendering bifurcation "unnecessary." *See* 2007 WL 7630569, at *1 (S.D.N.Y. June 28, 2007).
- While *In re Safety-Kleen Corp. Bondholders Litigation* was styled as a motion for bifurcation, the plaintiffs were essentially requesting separate trials for each of their claims (one under Section 10(b) of the Exchange Act of 1934 and the other under Section 11 of the Securities Act of 1933), which did nothing to promote efficiency. *See*

[1] Herein, all emphasis is added.

2004 U.S. Dist. LEXIS 31748 (D.S.C. Oct. 29, 2004) (settled after jury selection but before opening arguments).

- *McEwen v. Digitran Systems, Inc*. was a pre-PSLRA case involving a motion to bifurcate class-wide issues from individual issues at the class certification and summary judgment stages, not the trial phase. 160 F.R.D. 631, 642 (D. Utah 1994).

These inapt outlier cases do nothing to undermine the proposition that bifurcation is the standard practice for securities class action trials. If anything, they are the exceptions that prove the rule.

**B. Plaintiffs' Proposed Plan to Bifurcate Trial Satisfies the Applicable Legal Standard.**

Under Fed. R. Civ. P. 42(b), the Court has the discretion to bifurcate trial "[f]or convenience, to avoid prejudice, or to expedite and economize" the proceedings. *See Krocka v. City of Chi.*, 203 F.3d 507, 516 (7th Cir. 2000) (citing *Houseman v. United States Aviation Underwriters*, 171 F.3d 1117, 1121 (7th Cir.1999)).[2] Plaintiffs' bifurcation motion more than satisfies this test.

**1. Plaintiffs' Bifurcation Plan Will Promote Judicial Economy and Avoid Prejudice to Plaintiffs and Absent Class Members.**

Plaintiffs' bifurcation proposal promotes judicial economy and avoids juror confusion and prejudice to Plaintiffs and absent class members. *See* Pls.' Opening Br. at 2-4.

Again, the *Household* case is instructive. There, the defendants conducted "substantial discovery" before Phase II of the trial on individual issues, including 15 depositions and the opportunity to serve document requests and interrogatories on 98 class members. *See Household*, 787 F.3d at 430. Although the court initially gave the defendants 120 days to take this discovery, the discovery period extended beyond that 120-day period. *See id.* at 431.

[2] Defendants complain that Plaintiffs fail to cite *Houseman*. *See* Defs.' Opp. at 1. But Plaintiffs' opening brief cited *Krocka*, 203 F.3d at 516 (which in turn cites *Houseman*, 171 F.3d at 1121), for the exact same test. *See* Pls.' Opening Br. at 2.

Here, Defendants are silent as to whether they intend to take such additional discovery of absent class members before a non-bifurcated trial, but it defies efficiency to do so at this point. *See* 8 Moore's Federal Practice 3d § 42.23[3] ("One of the primary purposes of bifurcation is to defer costly discovery pending resolution of preliminary issues such as liability."). Obviously, if Defendants prevail in Phase I, then the case will never proceed to Phase II, promoting judicial economy and avoiding the burden of unnecessary discovery on absent class members and their investment intermediaries.

On the other hand, if Defendants do ***not*** intend to take additional discovery of absent class members, then that is even more problematic because that means Defendants intend to focus on individual issues concerning Plaintiffs at trial. Defendants have repeatedly argued that Plaintiffs are "subject to individual defenses that would distract from class-wide issues." ECF No. 125 at 21-23; *see also, e.g.*, *id.* at 3 n.3; *id.* at 23 n.18; Pet. of Defs. for Permission to Appeal Pursuant to Fed. R. Civ. P. 23(f) at 9, *In re The Allstate Corp, Sec. Litig*., No. 19-8009 (7th Cir. Apr. 9, 2009); Br. & Short App'x of Defs.-Appellants at 13, *In re The Allstate Corp, Sec. Litig*., No. 19-1830 (7th Cir. June 10, 2009). It is self-evident that absent class members will suffer unfair prejudice if Defendants are allowed to present evidence and argument concerning issues that Defendants themselves admit are individual issues regarding Plaintiffs that will "distract from class-wide issues."[3]

Thus, bifurcation is appropriate because it will both avoid confusion and promote efficiency.

---

[3] Defendants cite *In re Veeco*, 2007 WL 7630569, at *1, for the proposition that it is insufficient for Plaintiffs "to offer nothing but stock assertions about the general differences in proof required at the liability and damages phases of a securities fraud class action; [and] the potential for confusion given the complexity of issues." Defs.' Opp. at 4. However, as noted in Section II.A, *supra*, the *Veeco* court found "bifurcation . . . unnecessary" where—unlike here—there were no individual issues of reliance to be resolved at trial.

### C. Plaintiffs' Bifurcation Structure Would Not Unfairly Prejudice Defendants.

Defendants wrongly accuse Plaintiffs of attempting to create jury confusion and prejudice to Defendants by concealing evidence of aggregate damages. *See* Defs.' Opp. At 1-3.

Plaintiffs do not intend to conceal anything from the jury. Plaintiffs' bifurcation proposal follows well-settled controlling authority holding that the proper measure of damages for their claims is "actual damages." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 344 (2005). At this stage, the parties can only ***estimate*** damages because the total number of claims is not yet known. The claims administration process will involve the determination of each claimant's actual damages based on the dates of their purchases and sales, as well as other factors. For this reason, Courts have found that the per-share damages approach is a reliable way for a jury to award damages on a class-wide basis, followed by a claims administration process to determine individual damages for each class member. *See Kaufman v. Motorola, Inc*., 2000 WL 1506892, at *2 (N.D. Ill. Sept. 21, 2000) ("[A]ssuming liability, an adequate remedy may be fashioned by having the jury determine a per share damage loss and requiring the filing of claims by each shareholder who claims that he, she or it has been damaged."); *see also In re Sci.-Atlanta, Inc. Sec. Litig*., 571 F. Supp. 2d 1315, 1343 (N.D. Ga. 2007) ("allowing the fact finder to determine per share damages per day and employing a claims administration process to supply the remaining information to calculate total damages," citing *In re Broadcom Corp. Sec. Litig*., 2005 WL 1403756, at *3 (C.D. Cal. June 3, 2005).

Indeed, the per-share damages approach has been used in every securities class action trial since *Household*. *See* Verdict Form, ECF No. 671, *In re Tesla, Inc. Sec. Litig.*, No. 3:18-cv-04865-EMC (N.D. Cal. Sept. 20, 2022); Verdict Form, ECF No. 1862-2, *In re JDS Uniphase Corp. Sec. Litig*., No. 4:02-CV-01486, (N.D. Cal. Nov. 18, 2007); Special Verdict, *In re Apollo Group Inc. Sec. Litig*., CV-04-2147-PHX-JAT, 2007 WL 4443892 (D. Ariz. Oct, 29, 2007); Jury Verdict, ECF

No. 1611, *Jaffe v. Household Int'l.*, No. 02-cv-5893 (N.D. Ill. May 7, 2009); Jury Verdict Form, ECF No. 998, *In re Vivendi Universal S.A. Sec. Litig.*, No. 1:02-CV-05571 (S.D.N.Y. Feb. 2, 2010); Verdict Form, ECF No. 632, *In re BankAtlantic Bancorp, Inc. Sec. Litig.*, No. 07–61542–CIV (S.D. Fla. Nov. 8, 2010); Special Verdict Form, ECF No. 1423, *In re Homestore.com Inc. Sec. Litig.*, No. 2:01-CV-11115 (C.D. Cal. Feb. 24, 2011); Verdict Form, ECF No. 718, *Hsu v. Puma Biotechnology, Inc.*, No. 15-0865 (C.D. Cal. Feb. 4, 2019).

Defendants have been on notice since at least June 22, 2018, that Plaintiffs intended to use a per-share damages approach. That was the date on which Plaintiffs' expert, Professor Finnerty, first filed a report detailing his damages methodology. *See* ECF No. 89-2 (Expert Report of John D. Finnerty, Ph.D. in Support of Lead Plaintiffs' Motion for Class Certification) ¶¶ 97-98 ("Methodology for the Calculation of Economic Loss per Share"); *see also* ECF No. 373-1 (Expert Report of John D. Finnerty in Support of Loss Causation and Damages, dated February 27, 2020) ¶¶ 142-45 ("Calculation of Inflation per Share during the Class Period"). Neither Defendants nor their experts ever took issue with Professor Finnerty's per-share approach to damages (although Defendants unsuccessfully challenged him on other grounds). *See* ECF No. 437 (Magistrate Judge Jantz's Report and Recommendation); *see also* ECF No. 453 Order adopting Magistrate Judge Jantz's Report and Recommendation). The time to make any such challenge has long passed.[4]

Defendants merely reargue their opposition to Plaintiffs' Motion *in Limine* No. 1, which seeks to exclude evidence and testimony regarding aggregate damages from Phase I of the trial.

[4] In *In re Blech Securities Litigation*, 2003 WL 1610775, at *26 (S.D.N.Y. Mar. 26, 2003), the defendants attacked the plaintiffs' expert's methodology for calculating the number of damaged shares he used to determine aggregate damages. The defendants complained that the expert did not account for class members that were not expected to file claims, "out-and-in" traders, or purchasers who sold their shares prior to the relevant period. The court merely held that the expert's methodology was admissible; it did not hold that he was required to calculate aggregate damages or that it was impermissible to calculate per-share damages. Indeed, the expert did calculate per-share inflation and the court held that calculation was also admissible. *See id.* at *25 ("Nye's methodology for calculating inflation per share is also valid.").

ECF No. 524 at 1-3. Defendants assert that it is "common practice" to present evidence of aggregate damages in securities class action trials. *Id.* at 1-2. Not so. Again, Defendants' authorities are inapt. As discussed in Section II.A, *supra*, the defendants in *Oxford* argued that the PSLRA bars an award of aggregate class-wide damages. 244 F. Supp. 2d at 250. That is the opposite of what Defendants argue here, where they seek to tell jurors about a speculative and misleading estimate of aggregate damages.

Moreover, Defendants have presented no evidence regarding aggregate damages. They proffered no expert regarding how they even came to an aggregate damages number, which is still unknown to Plaintiffs.[5]

Lastly, even if Defendants' argument had any merit (which it does not), the more appropriate solution would be to address Plaintiffs' Motion *in Limine* No. 1 independently, not to deny Plaintiffs' bifurcation motion.

## III. CONCLUSION

For the reasons herein and in Plaintiffs' opening brief, Plaintiffs respectfully request that the Court grant their motion to bifurcate trial.

Date: February 9, 2023 Respectfully submitted,

**LABATON SUCHAROW LLP**

*/s/Michael P. Canty*
Michael P. Canty

[5] Defendants cite a single, outdated outlier case to support their argument in the alternative that, if the Court grants Plaintiffs bifurcation motion, then Plaintiffs should be required to prove class-wide damages during Phase I of the trial. Defs.' Opp. at 6 (citing *Oxford*, 244 F. Supp. 2d at 248). Defendants' inclusion of this alternative argument is a tacit admission that bifurcation is appropriate here and it should be rejected because that is obviously not the law of this Circuit in light of the Seventh Circuit's decision in *Household*.

MICHAEL P. CANTY (*pro hac vice*)
THOMAS G. HOFFMAN, JR. (*pro hac vice*)

140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email: mcanty@labaton.com
thoffman@labaton.com

*Lead Counsel for Lead Plaintiffs Carpenters Pension Trust Fund for Northern California; and Carpenters Annuity Trust Fund for Northern California and Counsel for City of Providence Employees Retirement System*

**PATRICK V. DAHLSTROM**
**LOUIS C. LUDWIG**
**Pomerantz LLP**
10 S. LaSalle Street
Suite 3505
Chicago, IL 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com
lcludwig@pomlaw.com

*Additional Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Michael P. Canty, the undersigned, certify under the penalty of perjury, that on February 9, 2023, pursuant to a written agreement between counsel, I caused a true and correct copy of the foregoing document to be served via electronic mail upon the counsel of record listed below.

John J. Clarke, Jr. (john.clarke@dlapiper.com)

David Priebe (david.priebe@dlapiper.com)

Kenneth L. Schmetterer (kenneth.schetterer@dlapiper.com)

Yan Grinblat (yan.grinblat@dlapiper.com)

*/s/Michael P. Canty*

Michael P. Canty (*pro hac vice*)
Labaton Sucharow LLP
40 Broadway
New York, NY 10005