**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE THE ALLSTATE CORPORATION SECURITIES LITIGATION | Case No. 16-cv-10510 |
| | Hon. Robert W. Gettleman |
| | <u>CLASS ACTION</u> |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING
<u>DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT</u>**

WHEREAS, as of August 11, 2023, Lead Plaintiffs Carpenters Pension Trust Fund for Northern California and Carpenters Annuity Trust Fund for Northern California (together, "Northern California Carpenters") and named plaintiff City of Providence (together with Northern California Carpenters, "Class Representatives"), on behalf of themselves and each of the members of the certified Class (defined below), on the one hand, and The Allstate Corporation ("Allstate"), Thomas J. Wilson and Matthew E. Winter (collectively, the "Defendants"), on the other hand, by and through their counsel of record, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the Action, which is subject to review and approval by the Court under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto and documents referenced therein, sets forth the terms and conditions of the proposed settlement of the Action (the "Settlement");

WHEREAS, by Order dated March 26, 2019, the Court certified a Class of all persons and entities that purchased the common stock of Allstate from October 29, 2014 through August 3, 2015, inclusive, and who were damaged thereby. Excluded from the Class, by definition, are:

(i) Allstate and its subsidiaries; (ii) the Individual Defendants, any trust they control or beneficially own, and their Immediate Families; (iii) the officers and directors and of Allstate during the Class Period and their Immediate Families; (iv) the legal representatives, heirs, successors, or assigns of any excluded person or entity; and (v) any person or entity that requested exclusion from the Class in connection with the previously issued Class Notice.

WHEREAS, pursuant to this Court's Order dated February 20, 2021 (ECF No. 370), the Class Notice was mailed to potential members of the Class to notify them of, among other things: (a) the Action pending against the Defendants, and the status of the Action and proceedings to such date; (b) the Court's certification of the Action as a class action on behalf of the certified Class; (c) the effect of remaining in, and not seeking exclusion from, the Class on any person or entity that falls within the definition of the Class ("Class Members") (including that Class Members will be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable); and (d) the right of Class Members to request exclusion from the Class, the requirements for requesting exclusion, and the effect of exclusion;

WHEREAS, a list of all timely and valid requests for exclusion in connection with the Class Notice was filed with the Court on May 25, 2021 (ECF No. 419);

WHEREAS, the Court has reviewed and considered the Stipulation and the accompanying exhibits;

WHEREAS, the Parties to the Stipulation have consented to the entry of this Order; and

WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2023 that:

1.     **Preliminary Approval of the Settlement.** The Court has reviewed the Stipulation and preliminarily finds the Settlement set forth therein to be fair, reasonable and adequate, subject to further consideration at, and final determination following, the Settlement Hearing described below.

2.     **Settlement Hearing.** A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on _____, 2023, at __:____ _.m. [*a date at the Court's convenience preferably the week of November 20*], for the following purposes:

　　　(a)     to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

　　　(b)     to determine whether the Final Order and Judgment ("Judgment") as provided under, and attached as an exhibit to, the Stipulation should be entered, and to determine whether the release by the Releasing Plaintiff Parties of the Settled Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

　　　(c)     to determine whether the Class Representatives' proposed Plan of Allocation is fair, reasonable and adequate, and should be approved by the Court;

　　　(d)     to consider Class Counsel's motion for an award of attorneys' fees and expenses; and

　　　(e)     to rule upon such other matters as the Court may deem appropriate.

3.     The Court reserves the right to approve the Settlement with or without modification, as agreed to by the Parties, and with or without further notice to the Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement, regardless of whether it has either approved the proposed Plan of Allocation and/or awarded

attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing or modify any of the other dates provided for herein without further notice to members of the Class.

4. **Retention of Claims Administrator, Approval of Form, Content, and Manner of Giving Notice.** The Court approves the form, substance and requirements of the Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Settlement Notice") and the Proof of Claim and Release form ("Claim Form"), substantially in the forms annexed hereto as Exhibits 1 and 2, respectively.

5. The Court approves the retention of A.B. Data, Ltd. ("A.B. Data" or "Claims Administrator") as the Claims Administrator. The Claims Administrator shall cause the Settlement Notice and the Claim Form (together, the "Claim Packet"), substantially in the forms annexed hereto, to be mailed, by first-class mail, postage prepaid, on or before ten (10) business days after entry of this Preliminary Approval Order ("Notice Date"), to all Class Members who can be identified with reasonable effort, including by using the mailing records obtained in connection with the Class Notice. Allstate, to the extent it has not already done so, shall use its reasonable best efforts to obtain and provide to Class Counsel, or the Claims Administrator, its transfer records, in electronic searchable form, containing the names and addresses of purchasers of common stock of Allstate during the Class Period, to the extent that information is reasonably available, no later than five (5) business days after entry of this Preliminary Approval Order.

6. Class Counsel shall, not later than seven (7) calendar days before the Settlement Hearing, file with the Court proof of mailing of the Settlement Notice and Claim Form.

7. **Nominee Procedures.** In the previously disseminated Class Notice, banks, brokers and other nominees ("Nominees") were advised that if, for the beneficial interest of any person or entity other than themselves, they purchased Allstate common stock during the Class

Period, they must either: (i) within ten (10) calendar days of receipt of the Class Notice, provide a list of the names and addresses of all such beneficial owners to the A.B. Data; or (ii) within ten (10) calendar days of receipt of the Class Notice, request from A.B. Data sufficient copies of the Postcard Notice to forward to all such beneficial owners, and forward them to all such beneficial owners.

      (a)    For Nominees who previously chose the first option (*i.e.*, provided a list of names and addresses of beneficial holders to the A.B. Data), A.B. Data shall promptly mail a copy of the Claim Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied. Unless the Nominee has identified additional beneficial owners whose names and addresses were not previously provided to A.B. Data, such Nominees need not take any further action;

      (b)    For Nominees who previously chose the second option (*i.e.*, elected to mail the Class Notice directly to beneficial owners), A.B. Data shall forward the same number of Claim Packets to such Nominees, and the Nominees shall, within seven (7) calendar days of receipt of the Claim Packets, mail them to the beneficial owners. Unless the Nominee has identified additional beneficial owners whose names and addresses were not previously provided to the Claims Administrator, such Nominees need not take any further action;

      (c)    For Nominees that have identified additional beneficial owners who were not previously identified in connection with the Class Notice, such Nominees shall either: (i) within seven (7) calendar days of receipt of the Claim Packet, request from the Claims Administrator sufficient copies of the Claim Packet to forward to all such additional beneficial owners, which the Nominee shall, within seven (7) calendar days of receipt of those Claim Packets from the Claims Administrator, mail to the beneficial owners; or (ii) within seven (7)

calendar days of receipt of the Claim Packet, provide a list of the names and addresses of all such additional beneficial owners to the Claims Administrator,

    (d) Nominees who elect to send the Claim Packet to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action;

    (e) Upon full and timely compliance with this Order, Nominees who mail the Claim Packets to beneficial owners, or who provide additional names and addresses of beneficial owners to the Claims Administrator, may seek reimbursement of their reasonable expenses actually incurred in complying with this Order of up to $0.10 per name/address provided and up to $0.10 plus postage at the Claims Administrator's rate for bulk mailings by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Nominees whose research yields no records, or a minimal number of beneficial owners, may ask the Claims Administrator to consider an upward adjustment for the reasonable costs incurred to perform their research.  Properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any unresolved disputes as to the reasonableness or documentation of expenses subject to review by the Court.

   8. **Summary Notice.** The Court approves the form of the Summary Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses ("Summary Notice"), substantially in the form annexed hereto as Exhibit 3, and directs Class Counsel to cause the Summary Notice to be published in *The Wall Street Journal* and to be transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date.  Class Counsel shall, not

later than seven (7) calendar days before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

9.      The form and content of the notice program described herein, and the methods set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10.      **Participation in the Settlement.** In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is approved and becomes effective in accordance with the terms and conditions set forth in the Stipulation, each Claimant must take the following actions and be subject to the following conditions:

(a)      A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address indicated in the Settlement Notice, postmarked or electronically submitted no later than 120 calendar days after the Notice Date.  Such deadline may be further extended by Court order or by Class Counsel in their discretion.  Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid). Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Settlement Notice.  Any Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or

7

allowed by Class Counsel, but shall remain bound by all determinations and judgments in this Action, including the releases, concerning the Settlement, as provided by paragraph 12 of this Order. Notwithstanding the foregoing, Class Counsel shall have the discretion (but not the obligation) to accept for processing late-submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed. Class Counsel shall have no liability for exercising their discretion in accepting or rejecting late claims.

        (b)     The Claim Form submitted by each Claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator, with such supervision by Class Counsel as necessary; (iii) if the person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the Class Member must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein, and must be signed under penalty of perjury.

        (c)     As part of the Claim Form, each Claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

        11.     Any Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Class Counsel and Defendants' Counsel, at

the addresses set forth in paragraph 13 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. If any Class Member does not enter an appearance, he, she or it will be represented by Class Counsel.

12.     **No Second Opportunity to Request Exclusion from the Class.** In light of the extensive notice program undertaken in connection with class certification and the ample opportunity provided to Class Members to request exclusion from the Class at that time, the Court is exercising its discretion to not require a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings. Class Members shall be bound by all orders, determinations and judgments in this Action, including the releases, whether favorable or unfavorable, unless such Persons timely and validly requested exclusion in connection with the Class Notice.

13.     **Appearance and Objections at Settlement Hearing.** The Court will consider any Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Class Member has: (A) served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, and mailed to Class Counsel: Thomas G. Hoffman, Jr., Labaton Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants' Counsel: Colleen E. Baime, McDermott Will & Emery, 444 West Lake, Chicago, IL 60606; and (B) filed said objections and supporting papers with the Clerk of the Court, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. Any Class Member who does not make his, her, or its objection in the manner provided for above, and in the Settlement Notice, shall be deemed to have waived such objection and shall forever be

9

foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given. The Court will consider all properly asserted objections, even if an objecting Class Member does not attend the Settlement Hearing. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and other expenses are required to indicate in their written objection their intention to appear at the Settlement Hearing, either in person or by counsel (who shall be identified in such written objection and file a notice of appearance in the Action). Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and who further desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witness(es) they may call to testify and any exhibit(s) they intend to offer into evidence at the Settlement Hearing. Class Members do not need to appear at the hearing or take any other action to indicate their approval of the proposed Settlement.

14. Pending final determination of whether the Settlement should be approved, Class Representatives, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts any Settled Plaintiffs' Claims against any of the Released Defendant Parties.

15. **Settlement Administration Fees and Expenses.** As provided in the Stipulation, before the Effective Date, Class Counsel may pay out of the Settlement Fund, without further approval from Defendants and without further order of the Court, Notice and Administration Expenses.

16.     **Supporting Papers.** All papers in support of the Settlement, the proposed Plan of

Allocation, and Class Counsel's request for an award of attorneys' fees and expenses shall be

filed with the Court and served not later than thirty-five (35) calendar days before the Settlement

Hearing.  Any reply papers are to be filed with the Court and served no later than seven (7)

calendar days before the Settlement Hearing.

17.     **Settlement Fund.** The passage of title and ownership of the Settlement Fund to

the Escrow Agent in accordance with, but subject to, the terms, conditions, and obligations of the

Stipulation, is approved.  No person who is not a Class Member or Class Counsel shall have any

right to any portion of, or to any distribution of, the Settlement Fund unless otherwise ordered by

the Court or otherwise provided in the Stipulation.

18.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of

the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds

shall be disbursed pursuant to the Stipulation and/or further order of the Court.

19.     Neither Defendants nor their counsel shall have any responsibility or liability for

the Plan of Allocation or any application for attorneys' fees or expenses submitted by Class

Counsel or Class Representatives, and such matters shall be considered separately from, and are

not a condition to any determination as to, the fairness, reasonableness and adequacy of the

Settlement, or entry of the Judgment, including pursuant to Rule 54(b), approving the Settlement

and dismissing the Action.

20.     **Termination of Settlement.** If the Settlement fails to become effective as defined

in the Stipulation or is terminated pursuant to the terms of the Stipulation, then, in any such

event, the Stipulation, including any amendment(s) thereof, except as expressly provided in the

Stipulation, and this Preliminary Approval Order, shall be null and void, of no further force or

effect, and without prejudice to any Party, and may not be introduced or considered as evidence or an admission, or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted, without prejudice, to their respective litigation positions in the Action as of June 28, 2023.

21.    **Use of this Order**.  Neither this Order, the Stipulation (whether or not finally approved or consummated, and including any exhibits thereto, any Plan of Allocation contained therein or approved by the Court, and the Supplemental Agreement), nor their negotiation, or any proceedings taken pursuant to them: (a) shall be offered against of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Defendant Parties with respect to the truth of any fact alleged by Class Representatives, or of the validity of any claim that was or could have been asserted, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Defendant Parties; (b) shall be offered against any of the Releasing Plaintiff Parties as evidence of, or construed as, or deemed to be evidence of, any presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing of any kind or in any way referred to for any other reason as against any of the Releasing Plaintiff Parties in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (c) shall be construed against any of the Released Parties as an admission, concession, or presumption that the consideration to be given represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Released Parties and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or

otherwise to enforce the terms of the Settlement.

      22.    **Jurisdiction.** The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.


Dated: _____, 2023   _____
                                            HONORABLE ROBERT W. GETTLEMAN
                                            UNITED STATES DISTRICT JUDGE

# Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE THE ALLSTATE CORPORATION SECURITIES LITIGATION | Case No. 16-cv-10510 |
| | Hon. Robert W. Gettleman |
| | <u>CLASS ACTION</u> |

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
<u>AND MOTION FOR ATTORNEYS' FEES AND EXPENSES</u>**

**If you purchased the common stock of The Allstate Corporation from October 29, 2014 through August 3, 2015, inclusive, and were damaged thereby, you may be entitled to a payment from a class action settlement.**

*A Court authorized this notice. This is <u>not</u> a solicitation from a lawyer.*

- This Settlement Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement. *This Settlement Notice is different from the postcard Notice of Pendency of Class Action ("Class Notice") that you might have received in 2021 alerting you to the fact that the Class had been certified.*

- If approved by the Court, the Settlement will create a $90,000,000 cash fund, plus earned interest, for the benefit of eligible Class Members, before the deduction of attorneys' fees and expenses awarded by the Court, Notice and Administration Expenses, and Taxes. This is an average recovery of approximately $0.66 per allegedly damaged share, before these deductions.[1]

- The Settlement resolves claims by Carpenters Pension Trust Fund for Northern California, Carpenters Annuity Trust Fund for Northern California (together, "Northern California Carpenters" or "Lead Plaintiffs") and named plaintiff City of Providence ("Providence" and, together with Northern California Carpenters, "Class Representatives"), on behalf of themselves and all other members of the Class (defined below) against The Allstate Corporation ("Allstate" or the "Company"), Thomas J. Wilson and Matthew E. Winter (collectively, the "Defendants"). It avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability.

---

[1] The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated ____, 2023 (the "Stipulation"), which can be viewed at www.AllstateSecuritiesLitigation.com. All capitalized terms not defined in this Settlement Notice have the same meanings as defined in the Stipulation.

- 1 -

**PLEASE READ THIS SETTLEMENT NOTICE CAREFULLY. It explains important rights you may have, including the possible receipt of cash from the Settlement. If you are a Class Member, your legal rights will be affected by this Settlement whether you act or do not act.**

**If you have any questions about this Settlement Notice, the Settlement, or your eligibility, please do not contact Allstate or its counsel. All questions should be directed to Class Counsel or the Claims Administrator (*see* ¶¶7–8 below).**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM ON OR BEFORE _____, 2023** | The only way to be eligible to receive a payment from the Settlement. *See* Question 8 below for details. If you are a Class Member, it is in your best interest to submit a Claim Form, because you will be bound by the Settlement approved by the Court and will give up all Settled Plaintiffs' Claims against the Released Defendants Parties (defined in ¶40 below). |
| **OBJECT ON OR BEFORE _____, 2023** | If you do not like the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application, you may write to the Court and explain why you do not like them. You cannot object if you are not a Class Member. *See* Question 13 below for details. |
| **GO TO A HEARING ON _____, 2023 AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS RECEIVED BY NO LATER THAN _____, 2023** | Ask to speak to the Court at the Settlement Hearing about the Settlement, the Plan of Allocation, or Class Counsel's Fee and Expense Application. *See* Questions 14-16 below for details. |
| **DO NOTHING** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible for a payment from the Settlement. You will, however, be bound by the Judgment and orders entered by the Court, which means that you will give up your right to sue about the claims that are resolved by the Settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Settlement Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved. Please be patient, as this process can take some time to complete.

- Unless you previously submitted a valid request for exclusion from the Class in connection with the Class Notice, you will be bound by any judgment or order entered by the Court in the Action, regardless of whether you object to the Settlement and regardless of whether

you submit a Claim Form to share in the Net Settlement Fund or whether your Claim Form is accepted in whole or in part.

## SUMMARY OF THE NOTICE

**Statement of the Class's Recovery**

1.      Subject to Court approval, Class Representatives, on behalf of the Class, have agreed to settle the Action in exchange for a payment of $90,000,000 in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund").  Based on Class Representatives' damages expert's estimate of the number of shares of Allstate common stock eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately $0.66 per allegedly damaged share.  If the Court approves Class Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately $0.46 per allegedly damaged share.  **These average recovery amounts are only estimates and Class Members may recover more or less than these estimated amounts.**  A Class Member's actual recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when and how many shares of Allstate common stock the Class Member purchased during the Class Period; and (iv) whether and when the Class Member sold Allstate common stock.  *See* the Plan of Allocation beginning on page [___] for information on the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.      The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Class Representatives were to prevail on each claim alleged.  Among other things, Defendants do not agree with the assertion that they violated

the federal securities laws or that any damages were suffered by any Class Members (at all, or in the amount contended by plaintiffs). The issues on which the Parties disagree also include, for example, whether: (i) Defendants made any statements or omitted any facts that were materially false or misleading, or otherwise actionable under the federal securities laws; (ii) any such statements or omissions were made with the requisite level of intent or recklessness; (iii) the amounts by which the price of Allstate common stock was allegedly artificially inflated, if at all, during the Class Period; and (iv) the extent to which factors, such as general market, economic and industry conditions, influenced the prices of Allstate common stock during the Class Period.

3.  Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Class Representatives and the Class have suffered any loss attributable to Defendants' actions or omissions. While Class Representatives believe they have meritorious claims, they recognize that there are significant obstacles in the way to recovery.

**Statement of Attorneys' Fees and Expenses Sought**

4.  Class Counsel, on behalf of all Plaintiffs' Counsel,[2] will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, which includes any accrued interest. Class Counsel will also apply for payment of Litigation Expenses incurred by Plaintiffs' Counsel in prosecuting the Action in an amount not to exceed $4,600,000, plus accrued interest at the same rate earned by the Settlement Fund, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Class Representatives directly related to their representation of the Class. If the Court approves Class Counsel's Fee and

---

[2]  Plaintiffs' Counsel are Labaton Sucharow LLP, Pomerantz LLP and Thornton Law Firm.

Expense Application in full, the average amount of fees and expenses, assuming claims are submitted for all shares eligible to participate in the Settlement, will be approximately $0.20 per allegedly damaged share of Allstate common stock. A copy of the Fee and Expense Application will be posted on www.AllstateSecuritiesLitigation.com after it has been filed with the Court.

**Reasons for the Settlement**

5.     For Class Representatives, the principal reason for the Settlement is the guaranteed cash benefit to the Class. This benefit must be compared to the uncertainty of being able to prove the allegations in the Second Amended Complaint; the risk that the Court may grant some or all of the pending motions *in limine* filed by Defendants; the uncertainty of a greater recovery after a trial and appeals; the risks of litigation, especially in complex actions like this, as well as the difficulties and delays inherent in such litigation (including any trial and appeals).

6.     For Defendants, who deny all allegations of wrongdoing or liability and deny that Class Members were damaged, the sole reason for entering into the Settlement is to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants in this or any other action or proceeding.

**Identification of Attorneys' Representatives**

7.     Class Representatives and the Class are represented by Class Counsel, Thomas G. Hoffman, Jr., Esq., Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, www.labaton.com; settlementquestions@labaton.com; (888) 219-6877.

8.     Further information regarding the Action, the Settlement, and this Settlement Notice may be obtained by contacting the Claims Administrator: *Allstate Securities Litigation*, c/o A.B. Data, Ltd., P.O. Box 173121, Milwaukee, WI   53217, (877) 829-4143, info@allstatesecuritieslitigation.com, www.AllstateSecuritiesLitigation.com; or Class Counsel.

**Please Do Not Call the Court with Questions About the Settlement.**

## BASIC INFORMATION

**1. Why did I get this Settlement Notice?**

9.      The Court authorized the mailing of this Settlement Notice to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased Allstate common stock during the period from October 29, 2014 through August 3, 2015, inclusive (the "Class Period). **Receipt of this Settlement Notice does not mean that you are a member of the Class or that you are entitled to receive a payment.  If you wish to be eligible for a payment, you are required to submit the Claim Form that is distributed with this Settlement Notice.  *See* Question 8 below.**

10.     The purpose of this Settlement Notice is to inform you of the terms of the Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the Plan of Allocation, and Class Counsel's Fee and Expense Application (the "Settlement Hearing").  *See* ¶¶50-54 below for details about the Settlement Hearing, including the date and time.  This Settlement Notice is different from the postcard Class Notice that you might have received in 2021 alerting you to the fact that the Class had been certified.

11.     The Court in charge of the Action is the United States District Court for the Northern District of Illinois, and the case is known as *In re The Allstate Corporation Securities Litigation,* Case No. 16-cv-10510.  The Action is assigned to the Honorable Robert W. Gettleman. This Settlement Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement, then payments will be made after any appeals are resolved and after the completion of all claims processing.

| 2. What is this case about and what has happened so far? |
| --- |

12.     Allstate operates primarily as a property-liability insurer in the United States and Canada. Incorporated in 1992 as a holding company for Allstate Insurance Company, Allstate is one of the largest personal passenger auto insurers in the United States.  The Action primarily relates to Allstate's auto insurance business.   It asserts that Defendants made material misstatements and omissions with respect to the proximate cause for a large spike in auto claims frequency (*i.e.*, the number of claims filed against auto insurance policies), which allegedly had a material negative impact on the Company's financial condition throughout the Class Period.

13.     On November 10, 2016, the initial complaint in *City of St. Clair Shores Police and Fire Retirement System v. The Allstate Corporation et al.*, No. 16-cv-10510-RWG, was filed in the United States District Court for the Northern District of Illinois.  On January 9, 2017, motions to appoint a lead plaintiff and to approve lead plaintiff's selection of counsel were filed by two movants.   On January 17, 2017, the Court issued an order appointing Northern California Carpenters as Lead Plaintiffs and approving their selection of Labaton Sucharow LLP as Lead Counsel for the Class and Pomerantz LLP as Liaison Counsel for the Class.

14.     Lead Plaintiffs filed the Consolidated Class Action Complaint on March 30, 2017 (the "Complaint"), asserting claims against all Defendants under Sections 10(b) of the Securities and Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.

15.     Defendants moved to dismiss the Complaint on June 1, 2017, and on February 27, 2018, the Court issued a Memorandum Opinion and Order denying Defendants' motion to dismiss. Thereafter, on March 27, 2018, Defendants filed their answer to the Complaint, denying all allegations of wrongdoing or damages and asserting affirmative defenses.

16.     On June 22, 2018, Lead Plaintiffs moved for class certification, appointment of Northern California Carpenters and Providence as class representatives, and appointment of Lead Counsel as class counsel.  Defendants opposed Lead Plaintiffs' class certification motion on October 5, 2018.  On November 19, 2018, Lead Plaintiffs filed a reply in further support of their class certification motion, Defendants moved for leave to file a surreply on December 6, 2018, and on December 10, 2018, Lead Plaintiffs filed an opposition to Defendants' motion for a surreply or, in the alternative, for leave to file a response to Defendants' proposed surreply.  During a December 12, 2018 hearing, the Court granted Defendants leave to file a surreply and granted Lead Plaintiffs leave to file a response.

17.     The Court ultimately granted Lead Plaintiffs' class certification motion on March 26, 2019.  On April 9, 2019, Defendants filed a petition for permission to appeal the Court's class certification order under Fed. R. Civ. P. 23(f) in the Seventh Circuit Court of Appeals.  Lead Plaintiffs opposed that petition on April 18, 2019 and Defendants filed a reply in further support of their petition on April 23, 2019.  The Seventh Circuit granted Defendants' petition on April 25, 2019.

18.     On September 6, 2018, Lead Plaintiffs moved to amend the Consolidated Class Action Complaint to add Providence as a named plaintiff.  During a September 12, 2018 hearing, the Court granted Lead Plaintiffs' motion to amend and Lead Plaintiffs filed the operative Second Amended Consolidated Class Action Complaint ("Second Amended Complaint") that same day. On October 11, 2018, Defendants filed their answer to the Second Amended Complaint.

19.     On June 10, 2019, Defendants filed their class certification appellate brief and Lead Plaintiffs filed their appellees' brief on July 10, 2019.  The argument took place on September 18, 2019.  On July 16, 2020, the Seventh Circuit issued an opinion affirming the Court's class certification order, in part, and vacating and remanding it, in part.  On September 18, 2020, the

Court ordered the Parties to file lists of the class certification issues remaining to be decided, which the Parties submitted on October 5, 2020. On October 5, 2020, the Court ordered the Parties to submit supplemental class certification briefing.

20. On December 21, 2020, the Court issued its second order granting class certification. Defendants filed a petition to appeal that order in the Seventh Circuit on January 4, 2021, which the Seventh Circuit denied following briefing on the petition.

21. On February 19, 2021, Class Representatives filed an unopposed motion for approval of the form and content of notices of pendency of the Action as a class action, and the methods for providing notice to the Class, which was granted on February 20, 2021.

22. Beginning on March 12, 2021, the Class Notice was mailed to potential Class Members and made available on the case website, www.AllstateSecuritiesLitigation.com. Among other things, the Class Notice provided Class Members with the opportunity to request exclusion from the Class (*i.e.*, to "opt out"), the requirements for requesting exclusion, and reported a May 11, 2021 deadline for seeking exclusion. Information in summary form was also published in *Investor's Business Daily* and transmitted over the Internet via *PR Newswire*.

23. Fact discovery in the Action began in May 2018 and during the course of the Action the Parties engaged in extensive discovery that included the review of nearly 300,000 pages of documents produced by the Parties and relevant third parties; and taking or defending 35 fact and expert depositions, including the depositions of Class Representatives, Class Representatives' investment advisors, numerous current and former employees of the Company, and the Parties' experts. In connection with expert discovery, the Parties submitted 15 expert reports, including oppositions and replies thereto.

24. On March 4, 2021, Defendants filed motions to exclude the opinions and testimony proffered by all of Class Representatives' experts in their entirety and Class

Representatives filed a motion to exclude certain opinions and testimony proffered by Defendants' experts. The Parties filed their oppositions to those motions on April 1, 2021 and replies in further support of those motions on April 12 and 22, 2021. Following supplemental briefing on the motions, Magistrate Judge Jantz issued a report denying all of the motions except with respect to one opinion offered by Defendants' loss causation and damages expert, Paul J. Gompers. Defendants filed an objection to Magistrate Judge Jantz's report, which Class Representatives opposed. Defendants filed a reply in further support of their objection and on February 22, 2022, the Court issued an order adopting Magistrate Judge Jantz's report in its entirety.

25.    On March 23, 2022, Defendants filed a motion for summary judgment, seeking dismissal of all claims alleged in the Action, which Class Representatives opposed on May 12, 2022. Defendants filed a reply in further support of their motion on June 13, 2022. On July 26, 2022, the Court issued an order granting in part and denying in part Defendants' summary judgment motion.

26.    On January 10, 2023, Class Representatives filed a motion to bifurcate trial, Defendants filed a trial brief, and the Parties filed various motions *in limine*. The Parties submitted a Joint Pretrial Order on January 11, 2023. On January 20, 2023, the Parties filed oppositions to the motions *in limine*. On January 26, 2023, Defendants filed an opposition to Class Representatives' motion to bifurcate trial and, on February 9, 2023, Class Representatives filed a reply in further support of that motion.

27.    Following the submission of the Joint Pretrial Order, the Parties agreed to explore the possibility of a negotiated resolution of the Action and engaged the Honorable Layn R. Phillips (Ret.), a well-respected and highly experienced mediator and retired federal judge who had conducted two prior mediations in the Action, one in August 2019 and the second in June 2022. In advance of the June 28, 2023 mediation session, Class Representatives provided a detailed

mediation statement to the mediator, which addressed issues of both liability and damages. On June 28, 2023, a representative of Northern California Carpenters and counsel for all Parties met for a full day mediation session with Judge Phillips in an attempt to reach a settlement. The Parties reached an agreement in principle to settle the Action that day and executed a Term Sheet, subject to the execution of a customary "long form" stipulation and agreement of settlement and related papers.

28. On _____, the Parties executed the Stipulation which sets forth the terms and conditions of the Settlement. On _____, the Court preliminarily approved the Settlement, authorized the mailing of this Settlement Notice, and scheduled the Settlement Hearing to consider whether to grant final approval to the Settlement.

| **3. Why is this a class action?** |
|---|

29. In a class action, one or more persons or entities (in this case, Class Representatives), sue on behalf of people and entities who have similar claims. Together, these people and entities are a "class," and each is a "class member." Class actions allow the adjudication of many individuals' similar claims that might be too small economically to bring as individual actions. One court resolves the issues for all class members at the same time.

| **4. What are the reasons for the Settlement?** |
|---|

30. The Court did not finally decide in favor of Class Representatives or Defendants. Instead, both sides agreed to a settlement. Class Representatives and Class Counsel believe that the claims asserted in the Action have merit. They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability. In the absence of a settlement, the Parties would present factual and expert testimony on each of these issues, and there is a risk that the Court or jury would resolve these issues unfavorably against Class Representatives and the Class. Class Representatives and

Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class.

31.     Defendants have denied and continue to deny each and every one of the claims alleged by Class Representatives in the Action, including all claims in the Second Amended Complaint.  Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation.  Accordingly, the Settlement may not be construed as an admission of any wrongdoing by any Defendant in this or any other action or proceeding.

## WHO IS IN THE SETTLEMENT

**5.  How do I know if I am part of the Class?**

32.     The Class certified by the Court consists of:

*All persons and entities that purchased the common stock of Allstate from October 29, 2014 through August 3, 2015, inclusive, (the "Class Period") and who were damaged thereby.*

If you are a member of the Class and did not previously seek exclusion from the Class in connection with the Class Notice, you are in the Class and subject to the Settlement.

33.     If one of your mutual funds purchased Allstate common stock during the Class Period that does not make you a Class Member, although your mutual fund may be.  You are a Class Member only if you individually purchased Allstate common stock during the Class Period. Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions.  The Parties do not independently have access to your trading information. **PLEASE NOTE: RECEIPT OF THIS SETTLEMENT NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE A PAYMENT.**

34.     **If you wish to be eligible for a payment from the Settlement, you must submit**

the Claim Form that is being distributed with this Settlement Notice.  *See* **Question 8, below.**

| **6.  Are there exceptions to being included?** |
| --- |

35.      Yes.  There are some individuals and entities who are excluded from the Class by definition.  Excluded from the Class are: (i) Allstate and its subsidiaries; (ii) the Individual Defendants, any trust they control or beneficially own, and their Immediate Families; (iii) the officers and directors of Allstate during the Class Period and their Immediate Families; (iv) the legal representatives, heirs, successors, or assigns of any excluded person or entity; and (v) any person or entity that requested exclusion from the Class in connection with the previously issued Class Notice.

## THE SETTLEMENT BENEFITS

| **7.  What does the Settlement provide?** |
| --- |

36.      In exchange for the Settlement and the release of the Settled Plaintiffs' Claims against the Released Defendant Parties, Defendants have agreed to cause a $90,000,000 cash payment to be made, which, along with any interest earned, will be distributed after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Class Members who send in valid and timely Claim Forms.

| **8.  How can I receive a payment?** |
| --- |

37.      To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form.  A Claim Form is included with this Settlement Notice.  You may also obtain one from the case website: www.AllstateSecuritiesLitigation.com, or from Class Counsel's website: www.labaton.com.  You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (877) 829-4143.

38.     Please read the instructions contained in the Claim Form carefully.  Fill out the Claim Form, include all the documents the form requests, sign it, and either mail it to the Claims Administrator using the address listed in the Claim Form or submit it online at www.AllstateSecuritiesLitigation.com.   Claim Forms must be **postmarked (if mailed) or received no later than** _____, **2023.**

### 9.  When will I receive my payment?

39.     The Court will hold a Settlement Hearing on _____, **2023** to decide, among other things, whether to finally approve the Settlement.  Even if the Settlement is approved, there may be appeals, which can take time to resolve, perhaps more than a year.  It also takes a long time for all Claim Forms to be accurately reviewed and processed.  Please be patient.

### 10.  What is the Class giving up in exchange for the Settlement?

40.     If you are a Class Member and did not timely and validly exclude yourself from the Class in connection with the Class Notice, you will remain in the Class and be bound by all orders issued by the Court.  If the Settlement is approved, the Court will enter the Judgment.  The Judgment will dismiss the Action with prejudice and will provide that, upon the Effective Date of the Settlement (*see* ¶41 below), Class Representatives and each and every other Releasing Plaintiff Party (as defined in ¶40(c) below), shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed, with prejudice, each and every one of the Settled Plaintiffs' Claims (as defined in ¶40(a) below) against each and every one of the Released Defendant Parties (as defined in ¶40(b) below) and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Settled Plaintiffs' Claims against any and all of the Released Defendant Parties.

(a)     **"Settled Plaintiffs' Claims"** means any and all claims, demands, rights, actions, causes of action, liabilities, damages, losses, obligations, judgments, duties, suits, costs, expenses,

matters and issues known or Unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, liquidated or unliquidated, matured or unmatured, accrued or unaccrued, apparent or unapparent, that have been, could have been, or in the future can or might be asserted in any court, tribunal or proceeding, (including but not limited to any claims arising under federal, state, foreign or common law, including the federal securities laws and any state disclosure law), by or on behalf of Class Representatives or any other member of the Class, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, legal representatives, predecessors, successors, and assigns, in their capacities as such, whether individual, direct, class, representative, legal, equitable, or any other type or in any other capacity against any or all of the Released Defendant Parties which the Releasing Plaintiff Parties (a) asserted in the Action; or (b) could have asserted in the Action or any forum that arise out of, are based upon, or relate to, both (i) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Action, and (ii) the purchase, acquisition, holding, or sale of Allstate publicly traded common stock during the Class Period (collectively, the "Settled Plaintiffs' Claims"). Notwithstanding the foregoing, Settled Plaintiffs' Claims shall not include: (i) claims relating to the enforcement of the Settlement; or (ii) or any claims in the shareholder derivative actions *Sundquist v. Wilson, et al.,* No. 18 CV 3598 (N.D. Ill.), *IBEW Local 98 Pension Fund, et al. v. Wilson, et al*., 2018-CH-04793 (Cook Cty Circuit Crt, IL), *Biefeldt, et al. v. The Allstate Corp., et al*., 2017-CH-10676 (Cook Cty Circuit Crt, IL), and *Mims v. Wilson, et al.*, No. 1:20-cv-01038 (N.D. Ill.).

(b) **"Released Defendant Party"** or **"Released Defendant Parties"** means Defendants, and each of their respective past or present parents, subsidiaries, divisions, affiliates, stockholders, officers, directors, insurers, employees, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment

bankers, commercial bankers, general or limited partners, partnerships, limited liability companies, predecessors, successors, assigns, heirs, trustees, administrators, and any of their legal representatives (and the predecessors, heirs, executors, administrators, trustees, successors, immediate family members, purchasers, and assigns of each of the foregoing), in their capacities as such.

(c) **"Releasing Plaintiff Party"** or **"Releasing Plaintiff Parties"** means the Class Representatives, the Class, Class Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, limited liability companies, heirs, trustees, administrators, and any of their legal representatives (and the predecessors, heirs, executors, administrators, trustees, successors, Immediate Family members, purchasers, and assigns of each of the foregoing), in their capacities as such. Releasing Plaintiff Parties does not include any Person who timely and validly sought exclusion from the Class.

(d) "**Unknown Claims**" means any and all Settled Plaintiffs' Claims that Class Representatives, or any other Class Member, do not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including, in the case of any Class Member, the decision to object to the terms of the Settlement or to seek to be excluded from the Class. With respect to any and all Settled Plaintiffs' Claims and Released Defendants' Claims, the Parties stipulate and agree that, upon the Effective Date, Class Representatives and Defendants shall expressly, and each Class Member, shall be deemed to have, and by operation of the

Judgment or Alternative Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, including, or which is similar, comparable, or equivalent to, Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Class Representatives, other Class Members, or the Defendants, may hereafter discover facts, legal theories, or authorities in addition to, contrary to, or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but Class Representatives and Defendants expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Class Member shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment or Alternative Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Settled Plaintiffs' Claims and Released Defendants' Claims, as applicable, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which now exist, or heretofore existed, or may hereafter exist, without regard to the subsequent discovery or existence of such different, contrary, or additional facts, legal theories, or authorities. Class Representatives and Defendants acknowledge, and all other Class Members, by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settled Plaintiffs' Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

41.     The "Effective Date" will occur when an Order entered by the Court approving the Settlement becomes Final and is not subject to appeal.  If you are a member of the Class, all of the Court's orders, whether favorable or unfavorable, will apply to you and legally bind you.

42.     Upon the "Effective Date," Defendants will also provide a release of any claims against Class Representatives and the Class arising out of or related to the institution, prosecution, or settlement of the claims in the Action.

<strong>THE LAWYERS REPRESENTING YOU</strong>

| **11.  Do I have a lawyer in this case?** |
|---|

43.     Labaton Sucharow LLP is Class Counsel in the Action.  Class Counsel along with Pomerantz LLP and Thornton Law Firm LLP are Plaintiffs' Counsel.  Class Counsel represent all Class Members.  You will not be separately charged for the work of Class Counsel and the other Plaintiffs' Counsel.  The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund.

44.     If you want to be represented by your own lawyer, you may hire one at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "How do I tell the Court that I do not like something about the proposed Settlement?"

| **12.  How will the lawyers be paid?** |
|---|

45.     Class Counsel, together with the other Plaintiffs' Counsel, have been prosecuting the Action on a contingent basis and have not been paid for any of their work.  Class Counsel, on behalf of themselves and the other Plaintiffs' Counsel, will seek an attorneys' fee award of no more than 25% of the Settlement Fund, which will include accrued interest.  Class Counsel has agreed to share the awarded attorneys' fees with other Plaintiffs' Counsel.  Payment to Plaintiffs'

Counsel will in no way increase the fees that are deducted from the Settlement Fund. Class Counsel will also seek payment of Litigation Expenses incurred by Plaintiffs' Counsel in the prosecution of the Action of no more than $4,600,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of Class Representatives directly related to their representation of the Class. As explained above, any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

### OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

**13. How do I tell the Court that I do not like something about the proposed Settlement?**

46.     If you are a Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation, and/or Class Counsel's Fee and Expense Application. You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

47.     To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*In re The Allstate Corporation Securities Litigation,* Case No. 16-cv-10510 (N.D. Ill.)." The objection must also: (i) state the name, address, e-mail address and telephone number of the objector and must be signed by the objector; (ii) contain a statement of the Class Member's objection or objections and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Class, or the entire Class, any legal and evidentiary support (including witnesses) the Class Member wishes to bring to the Court's attention; (iii) include documents sufficient to show the objector's membership in the Class, including the number of shares of Allstate purchased, acquired and sold during the Class Period, as well as the dates and prices of each such purchase,

acquisition and sale. Your objection must be filed with the Court at the address below **no later than** _____, **2023 and** be mailed or delivered to the following counsel so that it is received no later than _____, 2023.

| **Court** | **Class Counsel** | **Defendants' Counsel** |
|:---:|:---:|:---:|
| **Clerk of the Court** | **Labaton Sucharow LLP** | **McDermott Will & Emery**, |
| United States District Court | Thomas G. Hoffman, Jr., Esq. | Colleen E. Baime, Esq. |
| Northern District of Illinois, | 140 Broadway | 444 West Lake |
| Everett McKinley Dirksen | New York, NY 10005 | Chicago, IL 60606 |
| United States Courthouse | | |
| 219 South Dearborn Street, | | |
| Chicago, IL 60604 | | |

48.     You do not need to attend the Settlement Hearing to have your written objection considered by the Court.  However, any Class Member who has complied with the procedures described in this Question 13 and below in Question 16 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court.  An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

49.     Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Class Counsel's Fee and Expense Application.

## THE SETTLEMENT HEARING

### 14.  When and where will the Court decide whether to approve the proposed Settlement?

50.     The Court will hold the Settlement Hearing on _____, **2023** in Courtroom 1703 at the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 at _____ _.m., or remotely using directions that will be posted in advance on the case website, at the Court's discretion.

51.     At this hearing, the Honorable Robert W. Gettleman will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable, and should be approved; and (iii) the application of Class Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved.   The Court will take into consideration any written objections filed in accordance with the instructions in Question 13 above.   We do not know how long it will take the Court to make these decisions.

52.     You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Class Members.   If you want to attend the hearing, you should check with Class Counsel or visit the case website, www.AllstateSecuritiesLitigation.com, beforehand to be sure that the hearing date and/or time has not changed.

---

**15.  Do I have to come to the Settlement Hearing?**

---

53.     No. You can participate in the Settlement without attending the Settlement Hearing.   Class Counsel will answer any questions the Court may have.   But, you are welcome to attend at your own expense.   If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it.   You may have your own lawyer attend (at your own expense), but it is not required.   If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 16 below **no later than _____, 2023**.

---

**16.  May I speak at the Settlement Hearing?**

---

54.     If you are a member of the Class, you may ask the Court for permission to speak at the Settlement Hearing.   To do so, you must, **no later than _____ __, 2023**, submit a statement to the Court, Class Counsel, and Defendants' Counsel that you, or your attorney, intend to appear in "*In re The Allstate Corporation Securities Litigation,* Case No. 16-cv-10510 (N.D.

Ill.)." Persons who intend to present evidence at the Settlement Hearing must also include in their objections (prepared and submitted in accordance with the answer to Question 13 above) the identities of any witnesses they may wish to call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. You may not speak at the Settlement Hearing if you previously excluded yourself from the Class or if you have not provided written notice of your intention to speak in accordance with the procedures described in this Question 16 and Question 13 above.

<h3 align="center">IF YOU DO NOTHING</h3>

| **17. What happens if I do nothing at all?** |
| --- |

55.     If you do nothing and you are a member of the Class, you will receive no money from the Settlement, but you will still be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Settled Plaintiffs' Claims. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above).

<h3 align="center">GETTING MORE INFORMATION</h3>

| **18. Are there more details about the Settlement?** |
| --- |

56.     This Settlement Notice contains only a summary of the proposed Settlement. More details are contained in the Stipulation. For more information about the matters involved in this case, you may also review the papers on file with the Court during business hours at the Office of the Clerk of the Court, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604. (Please check the Court's website, www.ilnd.uscourts.gov for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed

publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

57.     You can also get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement, by visiting the case website, www.AllstateSecuritiesLitigation.com, or the website of Class Counsel, www.labaton.com.  You may also call the Claims Administrator toll free at (877) 829-4143 or write to the Claims Administrator at info@allstatesecuritieslitigation.com, or *Allstate Securities Litigation,* c/o A.B. Data, Ltd., P.O. Box 173121, Milwaukee, WI 53217.  **Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

| **19.  How will my claim be calculated?** |
|---|

58.     The Plan of Allocation (the "Plan of Allocation" or "Plan") set forth below is the plan for distributing the Settlement proceeds that is being proposed to the Court for approval by Class Representatives and Class Counsel.  The Court may approve this Plan of Allocation or modify it without additional individual notice to the Class.  Any order modifying the Plan of Allocation will be posted on the case website at www.AllstateSecuritiesLitigation.com and at www.labaton.com.

59.     The Settlement Amount and the interest it earns is the "Settlement Fund."  The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court is the "Net Settlement Fund."  The Net Settlement Fund will be distributed to members of the Class who timely submit valid Claim Forms that show a Recognized Claim according to the Plan of Allocation approved by the Court.

60.     The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim." The Recognized Claim formula is not intended to estimate the amount a Class Member might have been able to recover after a trial; nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement because the Settlement does not recover 100% of alleged damages.  The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.

61.     The objective of this Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants who suffered economic losses as a result of the alleged violations of the federal securities laws during the Class Period.  To design this Plan, Class Counsel conferred with its damages expert.  The Plan of Allocation, however, is not a formal damages analysis.

62.     The Plan of Allocation generally measures the amount of loss that a Class Member can claim for purposes of making *pro rata* allocations of the Net Settlement Fund to Authorized Claimants.  For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue.   In this case, Class Representatives allege that Defendants issued false statements and omitted material facts during the Class Period which allegedly artificially inflated the price of Allstate common stock.  It is alleged that corrective information released to the market impacted the market price of Allstate common stock on February 5, 2015, February 6, 2015, May 6, 2015, and August 4, 2015 in a statistically significant manner and removed alleged artificial inflation from the Allstate share price.  Accordingly, in order to have a compensable loss in this Settlement, shares of Allstate common stock must have been purchased during the Class Period and held through at least one of the alleged corrective disclosure dates.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

63.     For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of Allstate common stock will first be matched on a First In/First Out ("FIFO") basis.

64.     A "Recognized Loss Amount" will be calculated as set forth below for each purchase of Allstate common stock during the Class Period from October 29, 2014 through and including August 3, 2015 that is listed in the Claim Form and for which adequate documentation is provided.  To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.  The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim." [3]

1.  **For each share of Allstate common stock purchased or otherwise acquired during the period from October 29, 2014 through February 4, 2015, inclusive, and:**

    A.  sold prior to the close of trading on February 4, 2015, the Recognized Loss Amount per share is zero;

    B.  sold on February 5, 2015, the Recognized Loss Amount per share is the lesser of:
        (1)  $0.88 per share; or
        (2)  the purchase price per share less the sales price per share;

    C.  sold from February 6, 2015 through May 5, 2015, inclusive, the Recognized Loss Amount per share is the lesser of:
        (1)  $2.09 per share; or
        (2)  the purchase price per share less the sales price per share;

    D.  sold from May 6, 2015 through August 3, 2015, inclusive, the Recognized Loss Amount per share is the lesser of:
        (1)  $4.25 per share; or
        (2)  the purchase price per share less the sales price per share;

---

[3]     Table 1 below summarizes the alleged inflation amount per share of Allstate common stock for the calculation of the Recognized Loss Amounts.

E. sold from August 4, 2015 through November 1, 2015, inclusive,[4] the Recognized Loss Amount per share is the lesser of:

    (1) $9.38 per share; or

    (2) the purchase price per share less the greater of (i) the sales price per share, and (ii) the average closing price per share applicable to the date of sale as found in Table 2;[5]

F. held at the opening of trading on November 2, 2015, the Recognized Loss Amount per share is the lesser of:

    (1) $9.38 per share; or

    (2) the purchase price per share less $60.17.[6]

2. **For each share of Allstate common stock purchased or otherwise acquired on February 5, 2015 and:**

A. sold prior to the close of trading on February 5, 2015, the Recognized Loss Amount per share is zero;

B. sold from February 6, 2015 through May 5, 2015, inclusive, the Recognized Loss Amount per share is the lesser of:

    (1) $1.21 per share; or

    (2) the purchase price per share less the sales price per share;

C. sold from May 6, 2015 through August 3, 2015, inclusive, the Recognized Loss Amount per share is the lesser of:

    (1) $3.37 per share; or

    (2) the purchase price per share less the sales price per share;

---

[4]    August 3, 2015 is the last day of the Class Period, and August 4, 2015 is an additional day on which information allegedly correcting a misstatement or omission was disseminated to the market. Pursuant to Section 21(D)(e)(2) of the PSLRA, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, if the plaintiff sells or repurchases the subject security prior to the expiration of the 90-day period described in paragraph (1), the plaintiff's damages shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the security and the mean trading price of the security during the period beginning immediately after dissemination of information correcting the misstatement or omission and ending on the date on which the plaintiff sells or repurchases the security."

[5]    Table 2 shows the average (mean) closing price of Allstate common stock from August 4, 2015 through the date of sale.

[6]    The average (mean) closing price per share of Allstate common stock during the 90-day look-back period from August 4, 2015 through November 1, 2015, inclusive, was $60.17.

   D. sold from August 4, 2015 through November 1, 2015, inclusive, the Recognized Loss Amount per share is the lesser of:
      (1) $8.50 per share; or
      (2) the purchase price per share less the greater of (i) the sales price per share, and (ii) the average closing price per share applicable to the date of sale as found in Table 2;

   E. held at the opening of trading on November 2, 2015, the Recognized Loss Amount per share is the lesser of:
      (1) $8.50 per share; or
      (2) the purchase price per share less $60.17.

3. **For each share of Allstate common stock purchased or otherwise acquired during the period from February 6, 2015 through May 5, 2015, inclusive, and:**

   A. sold prior to the close of trading on May 5, 2015, the Recognized Loss Amount per share is zero;

   B. sold from May 6, 2015 through August 3, 2015, inclusive, the Recognized Loss Amount per share is the lesser of:
      (1) $2.16 per share; or
      (2) the purchase price per share less the sales price per share;

   C. sold from August 4, 2015 through November 1, 2015, inclusive, the Recognized Loss Amount per share is the lesser of:
      (1) $7.29 per share; or
      (2) the purchase price per share less the greater of (i) the sales price per share, and (ii) the average closing price per share applicable to the date of sale as found in Table 2;

   D. held at the opening of trading on November 2, 2015, the Recognized Loss Amount per share is the lesser of:
      (1) $7.29 per share; or
      (2) the purchase price per share less $60.17.

4. **For each share of Allstate common stock purchased or otherwise acquired during the period from May 6, 2015 through August 3, 2015, inclusive, and:**

   A. sold prior to the close of trading on August 3, 2015, the Recognized Loss Amount per share is zero;

B. sold from August 4, 2015 through November 1, 2015, inclusive, the Recognized Loss Amount per share is the lesser of:

    (1) $5.13 per share; or

    (2) the purchase price per share less the greater of (i) the sales price per share, and (ii) the average closing price per share applicable to the date of sale as found in Table 2;

C. held at the opening of trading on November 2, 2015, the Recognized Loss Amount per share is the lesser of:

    (1) $5.13 per share; or

    (2) the purchase price per share less $60.17.


### Table 1

**Alleged Inflation Dissipation Per Share of Allstate Common Stock**

| | Date of Sale | | | |
|---|---|---|---|---|
| **Date of Purchase** | 2/5/2015 | 2/6/2015 through 5/5/2015 | 5/6/2015 through 8/3/2015 | Retained on 8/4/2015 |
| 10/29/2014 through 2/4/2015 | $0.88 | $2.09 | $4.25 | $9.38 |
| 2/5/2015 | $0.00 | $1.21 | $3.37 | $8.50 |
| 2/6/2015 through 5/5/2015 | N/A | $0.00 | $2.16 | $7.29 |
| 5/6/2015 through 8/3/2015 | N/A | N/A | $0.00 | $5.13 |


### ADDITIONAL PROVISIONS

65.    If a Class Member has more than one purchase/acquisition or sale of Allstate common stock during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

66.    Purchases or acquisitions and sales of Allstate common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or

"sale" date. The receipt or grant by gift, inheritance or operation of law of Allstate common stock during the Class Period shall not be deemed a purchase, acquisition, or sale of these shares of Allstate common stock for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such shares of such Allstate common stock unless (i) the donor or decedent purchased such shares of Allstate common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Allstate common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

67. In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.

68. In the event that a Claimant has an opening short position in Allstate common stock at the start of the Class Period, the earliest Class Period purchases or acquisitions shall be matched against such opening short position in accordance with the FIFO matching described above and any portion of such purchases or acquisition that covers such short sales will not be entitled to recovery. In the event that a claimant newly establishes a short position during the Class Period, the earliest subsequent Class Period purchase or acquisition shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

69. Allstate common stock is the only security eligible for recovery under the Plan of Allocation. With respect to Allstate common stock purchased or sold through the exercise of an option, the purchase/sale date of the Allstate common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

70.     An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

71.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

72.     Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund, however they will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Action unless they have timely and validly sought exclusion.

73.     Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six months from the date of initial distribution of the Net Settlement Fund, and after payment of outstanding Notice and Administration Expenses, Taxes, attorneys' fees and expenses, and any awards to Class Representatives, the Claims Administrator shall, if feasible,

reallocate (which reallocation may occur on multiple occasions) such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Thereafter, any *de minimis* balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses and any awards to Class Representatives, shall be donated based on a 50-50 split to Consumer Federation of America and Better Markets, or such other organizations approved by the Court.

74.     Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Class Representatives, Class Counsel, their damages expert, Claims Administrator, or other agent designated by Class Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court.

75.     Class Representatives, Defendants, their respective counsel, and all other Released Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith.

### SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

76.     In the previously mailed Class Notice, you were advised that if, for the beneficial interest of any person or entity other than yourself, you purchased Allstate common stock during the Class Period, you must either: (i) within ten (10) calendar days of receipt of the Class Notice, provide a list of the names and addresses of all such beneficial owners to A.B. Data; or (ii) within

ten (10) calendar days of receipt of the Class Notice, request from A.B. Data sufficient copies of the Class Notice to forward to all such beneficial owners, and forward them to all such beneficial owners. You were also advised to retain your mailing records for use in connection with any further notices in the Action.

77. For Nominees who previously chose the first option (*i.e.*, provided a list of names and addresses of beneficial holders to the A.B. Data), A.B. Data will promptly mail a copy of the Claim Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied. ***Unless the Nominee has identified additional beneficial owners whose names and addresses were not previously provided to A.B. Data, such Nominees need not take any further action***.

78. For Nominees who previously chose the second option (*i.e.,* elected to mail the Class Notice directly to beneficial owners), A.B. Data will forward the same number of Claim Packets to such Nominees, and the Nominees shall, within **seven (7) calendar days** of receipt of the Claim Packets, mail them to the beneficial owners. ***Unless the Nominee has identified additional beneficial owners whose names and addresses were not previously provided to the Claims Administrator, such Nominees need not take any further action***.

79. **For Nominees that have identified additional beneficial owners who were not previously identified** in connection with the Class Notice, such Nominees shall either: (i) within **seven (7) calendar days** of receipt of the Claim Packet, request from the Claims Administrator sufficient copies of the Claim Packet to forward to all such ***additional*** beneficial owners, which the Nominee shall, within **seven (7) calendar days** of receipt of those Claim Packets from the Claims Administrator, mail to the beneficial owners; or (ii) within **seven (7) calendar days** of receipt of the Claim Packet, provide a list of the names and addresses of all such additional beneficial owners to the Claims Administrator.

80.     Nominees who elect to send the Claim Packet to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action;

81.     Upon full and timely compliance with these provisions, Nominees who mail the Claim Packets to beneficial owners, or who provide additional names and addresses of beneficial owners to the Claims Administrator, may seek reimbursement of their reasonable expenses actually incurred in complying with this Order of up to $0.10 per name/address provided and up to $0.10 plus postage at the Claims Administrator's rate for bulk mailings by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought.  Nominees whose research yields no records, or a minimal number of beneficial owners, may ask the Claims Administrator to consider an upward adjustment for the reasonable costs incurred to perform their research.  Properly documented expenses incurred by Nominees in compliance with the above shall be paid from the Settlement Fund, with any unresolved disputes as to the reasonableness or documentation of expenses subject to review by the Court.

82.     All communications concerning the foregoing should be addressed to the Claims Administrator:

*Allstate Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173121
Milwaukee, WI 53217
(877) 829-4143
info@allstatesecuritieslitigation.com

Dated: _____, 2023                    BY ORDER OF DISTRICT COURT FOR
                                          THE NORTHERN DISTRICT OF ILLINOIS

**Table 2**

**Allstate Common Stock Closing Price and Rolling Average Closing Price
from August 4, 2015 through November 1, 2015**

| | Calendar Day | Closing Price | Rolling Average Closing Price | | Calendar Day | Closing Price | Rolling Average Closing Price |
|---|---|---|---|---|---|---|---|
| 1 | 8/4/2015 | 62.34 | 62.34 | 46 | 9/18/2015 | 57.57 | 60.14 |
| 2 | 8/5/2015 | 62.50 | 62.42 | 47 | 9/19/2015 | N/A | 60.14 |
| 3 | 8/6/2015 | 61.97 | 62.27 | 48 | 9/20/2015 | N/A | 60.14 |
| 4 | 8/7/2015 | 62.54 | 62.34 | 49 | 9/21/2015 | 58.56 | 60.10 |
| 5 | 8/8/2015 | N/A | 62.34 | 50 | 9/22/2015 | 58.10 | 60.04 |
| 6 | 8/9/2015 | N/A | 62.34 | 51 | 9/23/2015 | 58.51 | 60.00 |
| 7 | 8/10/2015 | 63.10 | 62.49 | 52 | 9/24/2015 | 58.59 | 59.96 |
| 8 | 8/11/2015 | 63.47 | 62.65 | 53 | 9/25/2015 | 58.99 | 59.93 |
| 9 | 8/12/2015 | 63.61 | 62.79 | 54 | 9/26/2015 | N/A | 59.93 |
| 10 | 8/13/2015 | 63.49 | 62.88 | 55 | 9/27/2015 | N/A | 59.93 |
| 11 | 8/14/2015 | 63.86 | 62.99 | 56 | 9/28/2015 | 57.74 | 59.88 |
| 12 | 8/15/2015 | N/A | 62.99 | 57 | 9/29/2015 | 58.36 | 59.84 |
| 13 | 8/16/2015 | N/A | 62.99 | 58 | 9/30/2015 | 58.24 | 59.80 |
| 14 | 8/17/2015 | 63.85 | 63.07 | 59 | 10/1/2015 | 57.97 | 59.76 |
| 15 | 8/18/2015 | 63.57 | 63.12 | 60 | 10/2/2015 | 59.15 | 59.74 |
| 16 | 8/19/2015 | 63.66 | 63.16 | 61 | 10/3/2015 | N/A | 59.74 |
| 17 | 8/20/2015 | 62.70 | 63.13 | 62 | 10/4/2015 | N/A | 59.74 |
| 18 | 8/21/2015 | 61.25 | 62.99 | 63 | 10/5/2015 | 59.90 | 59.75 |
| 19 | 8/22/2015 | N/A | 62.99 | 64 | 10/6/2015 | 59.88 | 59.75 |
| 20 | 8/23/2015 | N/A | 62.99 | 65 | 10/7/2015 | 60.04 | 59.76 |
| 21 | 8/24/2015 | 58.39 | 62.69 | 66 | 10/8/2015 | 61.12 | 59.79 |
| 22 | 8/25/2015 | 56.99 | 62.33 | 67 | 10/9/2015 | 60.44 | 59.80 |
| 23 | 8/26/2015 | 57.40 | 62.04 | 68 | 10/10/2015 | N/A | 59.80 |
| 24 | 8/27/2015 | 58.74 | 61.86 | 69 | 10/11/2015 | N/A | 59.80 |
| 25 | 8/28/2015 | 58.63 | 61.69 | 70 | 10/12/2015 | 60.91 | 59.82 |
| 26 | 8/29/2015 | N/A | 61.69 | 71 | 10/13/2015 | 60.64 | 59.84 |
| 27 | 8/30/2015 | N/A | 61.69 | 72 | 10/14/2015 | 59.86 | 59.84 |
| 28 | 8/31/2015 | 58.28 | 61.52 | 73 | 10/15/2015 | 61.59 | 59.87 |
| 29 | 9/1/2015 | 57.14 | 61.31 | 74 | 10/16/2015 | 61.20 | 59.90 |
| 30 | 9/2/2015 | 57.93 | 61.16 | 75 | 10/17/2015 | N/A | 59.90 |
| 31 | 9/3/2015 | 57.98 | 61.02 | 76 | 10/18/2015 | N/A | 59.90 |
| 32 | 9/4/2015 | 57.04 | 60.85 | 77 | 10/19/2015 | 61.59 | 59.93 |
| 33 | 9/5/2015 | N/A | 60.85 | 78 | 10/20/2015 | 61.44 | 59.96 |
| 34 | 9/6/2015 | N/A | 60.85 | 79 | 10/21/2015 | 60.65 | 59.97 |
| 35 | 9/7/2015 | N/A | 60.85 | 80 | 10/22/2015 | 61.55 | 60.00 |
| 36 | 9/8/2015 | 58.20 | 60.75 | 81 | 10/23/2015 | 61.68 | 60.03 |
| 37 | 9/9/2015 | 57.35 | 60.61 | 82 | 10/24/2015 | N/A | 60.03 |
| 38 | 9/10/2015 | 57.67 | 60.51 | 83 | 10/25/2015 | N/A | 60.03 |
| 39 | 9/11/2015 | 58.14 | 60.42 | 84 | 10/26/2015 | 61.82 | 60.06 |
| 40 | 9/12/2015 | N/A | 60.42 | 85 | 10/27/2015 | 60.29 | 60.06 |
| 41 | 9/13/2015 | N/A | 60.42 | 86 | 10/28/2015 | 62.31 | 60.10 |
| 42 | 9/14/2015 | 58.24 | 60.35 | 87 | 10/29/2015 | 62.79 | 60.14 |
| 43 | 9/15/2015 | 58.98 | 60.30 | 88 | 10/30/2015 | 61.88 | 60.17 |
| 44 | 9/16/2015 | 59.20 | 60.26 | 89 | 10/31/2015 | N/A | 60.17 |
| 45 | 9/17/2015 | 58.99 | 60.23 | 90 | 11/1/2015 | N/A | 60.17 |

# Exhibit 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| IN RE THE ALLSTATE CORPORATION SECURITIES LITIGATION | Case No. 16-cv-10510 <br><br> Hon. Robert W. Gettleman <br><br> <u>CLASS ACTION</u> |

**PROOF OF CLAIM AND RELEASE FORM**

**I.       GENERAL INSTRUCTIONS**

1.       To recover as a member of the Class based on your claims in the class action entitled *In re The Allstate Corporation Securities Litigation,* Case No. 16 cv-10510 (N.D. Ill.) (the "Action"), you must complete and, on page _____ below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.  Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action.

2.       **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.ALLSTATESECURITIESLITIGATION.COM NO LATER THAN _____, 2023 OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, 2023, ADDRESSED AS FOLLOWS:**

*Allstate Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173121
Milwaukee, WI 53217
www.AllstateSecuritiesLitigation.com

3.       If you are a member of the Class and you did not request exclusion from the Class in connection with the previously mailed Class Notice, you will be bound by and subject to the

terms of any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II.    CLAIMANT IDENTIFICATION

4.    If you purchased shares of the common stock of The Allstate Corporation ("Allstate") from October 29, 2014 through August 3, 2015, inclusive (the "Class Period") and held the stock in your name, you are the beneficial owner as well as the record owner.  If, however, you purchased Allstate common stock during the Class Period through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

5.    Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Allstate common stock that forms the basis of this claim, as well as the owner of record if different.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

6.    All joint owners must sign this claim.  Executors, administrators, guardians, conservators, legal representatives, and trustees must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim.  Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    IDENTIFICATION OF TRANSACTIONS

7.    Use **Part II** of this form entitled "Schedule of Transactions in Allstate Common Stock" to supply all required details of your transaction(s) in Allstate common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

8.    On the schedules, provide all of the requested information with respect to your holdings, purchases, and sales of Allstate common stock, whether the transactions resulted in a profit or a loss.  Failure to report all such transactions may result in the rejection of your claim.

2

9.      The date of covering a "short sale" is deemed to be the date of purchase of Allstate common stock.  The date of a "short sale" is deemed to be the date of sale.

10.      Copies of broker confirmations or other documentation of your transactions must be attached to your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.  **THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN ALLSTATE COMMON STOCK.**

11.      NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  (This is different than the online claim portal on the case website.)  All such Claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies.  If you wish to submit your claim electronically, you must contact the Claims Administrator at ___-___-____ to obtain the required file layout or visit www.AllstateSecuritiesLitigation.com.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

## PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name      MI      Beneficial Owner's Last Name

Co-Beneficial Owner's First Name      MI      Co-Beneficial Owner's Last Name

Entity Name (if claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City      State    ZIP/Postal Code

Foreign Country (only if not USA)      Foreign County (only if not USA)

Social Security Number (last four digits only)    Taxpayer Identification Number (last four digits only)

**OR**

Telephone Number (home)      Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):

     Individual (includes joint owner accounts)      Pension Plan      Trust
     Corporation      Estate
     IRA/401K      Other _____ (please specify)

4

PART II:    SCHEDULE OF <u>TRANSACTIONS IN ALLSTATE COMMON STOCK</u>

**1. BEGINNING HOLDINGS -** State the total number of shares of Allstate common stock held at the opening of trading on October 29, 2014.  If none, write "0" or "Zero." (Must submit documentation.) _____

**2.  PURCHASES DURING THE CLASS PERIOD** – Separately list each and every purchase of Allstate common stock from October 29, 2014 through and including August 3, 2015.  (Must submit documentation.)

| Date of Purchase (List Chronologically) (MM/DD/YY) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3.  PURCHASES DURING 90-DAY LOOKBACK PERIOD** – State the total number of shares of Allstate common stock purchased from August 4, 2015 through and including November 1, 2015.[1] (Must submit documentation.) _____

**4.  SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD** – Separately list each and every sale of Allstate common stock from October 29, 2014 through and including the close of trading on November 1, 2015.  (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**5.  ENDING HOLDINGS –** State the total number of shares of Allstate common stock held as of the close of trading on November 1, 2015.  If none, write "0" or "Zero." (Must submit documentation.) _____

---

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX** ☐

---

[1] Information requested in this Claim Form with respect to your transactions on August 4, 2015 through and including the close of trading on November 1, 2015, is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases during this period, however, are not eligible for a recovery because these purchases are outside the Class Period and will not be used for purposes of calculating your Recognized Claim pursuant to the Plan of Allocation.

## IV.     SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

12.     By signing and submitting this Claim Form, the Claimant(s) or the person(s) acting on behalf of the Claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of the Plan of Allocation described in the accompanying Settlement Notice.  I (We) also submit to the jurisdiction of the United States District Court for the Northern District of Illinois (the "Court") with respect to my (our) claim as a Class Member(s) and for purposes of enforcing the releases set forth herein.  I (We) further acknowledge that I (we) will be bound by and subject to the terms of any judgment entered in connection with the Settlement in the Action, including the releases set forth therein.  I (We) agree to furnish additional information to the Claims Administrator to support this claim, such as additional documentation for transactions in Allstate common stock, if required to do so.  I (We) have not submitted any other claim covering the same transactions in Allstate common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V.     RELEASES, WARRANTIES, AND CERTIFICATION

13.     I (We) hereby warrant and represent that I am (we are) a Class Member as defined in the Settlement Notice, that I am (we are) not excluded from the Class, that I am (we are) not one of the "Released Defendant Parties" as defined in the accompanying Settlement Notice.

14.     As a Class Member, I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with prejudice the Settled Plaintiffs' Claims as to each and all of the Released Defendant Parties (as these terms are defined in the accompanying Settlement Notice).  This release shall be of no force or effect unless and until the Court approves the Settlement and it becomes effective on the Effective Date.

15.     I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

16.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of Allstate common stock that occurred during the Class Period and the number of shares held by me (us), to the extent requested.

17.     I (We) certify that I am (we are) NOT subject to backup tax withholding.  (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2023

_____          _____
Signature of Claimant                                       Type or print name of Claimant


_____          _____
Signature of Joint Claimant, if any                 Type or print name of Joint Claimant


_____          _____
Signature of person signing on behalf          Type or print name of person signing
of Claimant                                                      on behalf of Claimant


_____
Capacity of person signing on behalf of Claimant, if other than an individual (e.g.,
Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

**REMINDER CHECKLIST:**

1.    Please sign this Claim Form.

2.    DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3.    Attach only copies of supporting documentation as these documents will not be returned to you.

4.    Keep a copy of your Claim Form for your records.

5.    The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days.  **Your claim is not deemed submitted until you receive an acknowledgment postcard.**  If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (877) 829-4143 or email at info@allstatesecuritieslitigation.com.

6.    If you move after submitting this Claim Form please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

# Exhibit 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE THE ALLSTATE CORPORATION SECURITIES LITIGATION | Case No. 16-cv-10510 |
| | Hon. Robert W. Gettleman |
| | <u>CLASS ACTION</u> |

**SUMMARY NOTICE OF PROPOSED CLASS ACTION SETTLEMENT
<u>AND MOTION FOR ATTORNEYS' FEES AND EXPENSES</u>**

**TO: ALL PERSONS AND ENTITIES THAT PURCHASED THE COMMON STOCK OF
THE ALLSTATE CORPORATION FROM OCTOBER 29, 2014 THROUGH
AUGUST 3, 2014, INCLUSIVE, (THE "CLASS PERIOD") AND WHO WERE
DAMAGED THEREBY.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of Illinois, that Lead Plaintiffs Carpenters Pension Trust Fund for Northern California and Carpenters Annuity Trust Fund for Northern California (together, "Northern California Carpenters") and named plaintiff City of Providence (together with Northern California Carpenters, "Class Representatives"), on behalf of themselves and the certified Class, and Defendants The Allstate Corporation ("Allstate"), Thomas J. Wilson and Matthew E. Winter (collectively, "Defendants"), have reached a settlement of the above-captioned action (the "Action") in the amount of $90,000,000 (the "Settlement Amount"), which, if approved by the Court, will resolve all claims in the Action.

A hearing will be held before the Honorable Robert W. Gettleman, United States District Judge of the United States District Court for the Northern District of Illinois, in Courtroom 1703 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604 at __:___ ___.m. on _____ __, **2023** to, among other things, determine whether:

(1) the Settlement should be approved by the Court as fair, reasonable, and adequate to the Class; (2) the Plan of Allocation for distribution of the Settlement Amount, and any interest thereon, less Court-awarded attorneys' fees, Notice and Administration Expenses, Taxes, and any other costs, fees, or expenses approved by the Court (the "Net Settlement Fund"), should be approved as fair, reasonable, and adequate; and (3) the Court should approve the application of Class Counsel for an award of attorneys' fees of no more than 25% of the Settlement Fund and payment of Litigation Expenses of no more than $4,600,000 from the Settlement Fund, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Class Representatives directly related to their representation of the Class. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another notice. You do NOT need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT, INCLUDING THE RELEASES PROVIDED FOR THEREIN, AND YOU MAY BE ENTITLED TO SHARE IN THE NET SETTLEMENT FUND.** If you have not yet received the full Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Settlement Notice") and a Proof of Claim and Release form ("Claim Form"), you may obtain copies of these documents by contacting the Claims Administrator or visiting the case website:

*Allstate Securities Litigation*
c/o A.B. Data, Ltd.
P.O. Box 173121
Milwaukee, WI 53217
Tel: (877) 829-4143
info@allstatesecuritieslitigation.com
www.AllstateSecuritiesLitigation.com

Inquiries may also be made to Class Counsel:

**LABATON SUCHAROW LLP**
Thomas G. Hoffman, Jr., Esq.
140 Broadway
New York, NY 10005
Tel: (888) 219-6877
www.labaton.com
settlementquestions@labaton.com

If you are a Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form postmarked or electronically submitted *no later than* _____ __*, 2023.* If you are a Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

Any objections to the Settlement, Plan of Allocation, and/or application for attorneys' fees and payment of expenses must be filed with the Court and mailed to counsel for the Parties in accordance with the instructions set forth in the Settlement Notice, such that they are *received no later than* _____ __*, 2023.*

PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THIS NOTICE.

Dated: _____, 2023                    BY ORDER OF THE UNITED STATES
                                                   DISTRICT COURT FOR THE
                                                   NORTHERN DISTRICT OF ILLINOIS