# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE THE ALLSTATE CORPORATION SECURITIES LITIGATION | Case No. 16-cv-10510<br><br>Hon. Robert W. Gettleman<br><br><u>CLASS ACTION</u> |

### ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came before the Court for hearing on December 19, 2023 (the "Settlement Hearing") on Class Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses, including an award to Class Representatives pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated as of August 11, 2023 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Class Members.

3. Notice of Class Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA; constituted the best notice practicable

under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4. There have been no objections to Class Counsel's request for attorneys' fees and Litigation Expenses.

5. Class Counsel is hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of $22,500,000, plus interest at the same rate earned by the Settlement Fund, *i.e.*, 25% of the Settlement Fund, and payment of expenses in the amount of $4,225,162.33, plus accrued interest, which sums the Court finds to be fair and reasonable. Class Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

6. Class Representative Northern California Carpenters is hereby awarded $19,500.00 from the Settlement Fund, pursuant to the PSLRA, as reimbursement for their reasonable costs and expenses directly related to their representation of the Class.

7. Class Representative Providence is hereby awarded $10,800.00 from the Settlement Fund, pursuant to the PSLRA, as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

8. The award of attorneys' fees and Litigation Expenses may be paid to Class Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

9. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Seventh Circuit and found that:

(a) The Settlement has created a fund of $90,000,000 in cash, pursuant to the terms of the Stipulation, and numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of Class Counsel;

(b) The fee sought by Class Counsel has been reviewed and approved as reasonable by the Class Representatives, sophisticated institutional investors that were directly involved in the prosecution and resolution of the Action and who have a substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c) The amount of attorneys' fees awarded are fair and reasonable and are consistent with fee awards approved in cases within the Seventh Circuit with similar recoveries;

(d) Class Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy and is highly experienced in the field of securities class action litigation;

(e) Plaintiffs' Counsel devoted more than 34,800 hours with a lodestar value of $20,908,024.00, to achieve the Settlement;

(f) Class Counsel undertook the Action on a contingent basis, and has received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

3

(g) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain; and

(h) 168,471 copies of the Settlement Notice were mailed to potential Class Members and nominees stating that Class Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and Litigation Expenses in an amount not to exceed $4,600,000.

10. Any appeal or any challenge affecting this Court's approval regarding any of the attorneys' fees and expense applications shall in no way disturb or affect the finality of the Judgment.

11. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

12. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

DATED this  19th  day of  December , 2023

BY THE COURT:

Honorable Robert W. Gettleman
UNITED STATES DISTRICT JUDGE

4