**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE THE ALLSTATE CORPORATION SECURITIES LITIGATION | Case No. 16-cv-10510 |
| | Hon. Robert W. Gettleman |
| | <u>CLASS ACTION</u> |

### FINAL ORDER AND JUDGMENT

WHEREAS:

A.      The instant action is pending in this Court (the "Action");

B.      Defendants in the Action are The Allstate Corporation ("Allstate"), Thomas J. Wilson and Matthew E. Winter (collectively, the "Defendants");

C.      By Order dated December 21, 2020, supplemented by the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered September 26, 2023 (the "Preliminary Approval Order"), the Court certified a Class of all persons and entities that purchased the common stock of Allstate from October 29, 2014 through August 3, 2015, inclusive, and who were damaged thereby (the "Class"). Excluded from the Class, by definition, are: (i) Allstate and its subsidiaries; (ii) the Individual Defendants, any trust they control or beneficially own, and their Immediate Families; (iii) the officers and directors of Allstate during the Class Period and their Immediate Families; (iv) the Hon. Robert W. Gettleman and his courtroom personnel; (v) the legal representatives, heirs, successors, or assigns of any excluded person or entity; and (vi) any person or entity that requested exclusion from the Class in

connection with the previously issued Class Notice. A list of all Class Members that timely and validly sought exclusion in connection with the Class Notice is attached hereto as Exhibit A.

D.     Lead Plaintiffs Carpenters Pension Trust Fund for Northern California and Carpenters Annuity Trust Fund for Northern California (together, "Northern California Carpenters") and named plaintiff City of Providence (together with Northern California Carpenters, "Class Representatives"), on behalf of themselves and each of the members of the certified Class, on the one hand, and Defendants, on the other hand, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the Action, dated as of August 11, 2023;

E.     Pursuant to the Preliminary Approval Order, the Court scheduled a hearing for December 19, 2023, at 1:30 p.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate, and should be approved by the Court; and (ii) determine whether a judgment, substantially in the form provided for in the Stipulation, should be entered;

F.     Also pursuant to the Preliminary Approval Order, the Court ordered that the Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Settlement Notice") and a Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be mailed by first-class mail, postage prepaid, not later than (10) business days after the date of entry of the Preliminary Approval Order ("Notice Date") to all potential Class Members who could be identified through reasonable effort, and that a Summary Notice of Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published

in *The Wall Street Journal* and transmitted over *PR Newswire* within fourteen (14) calendar days of the Notice Date;

G.     The Settlement Notice and Summary Notice advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing. The Settlement Notice further advised Class Members of their right to object, and that any objections to the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by November 28, 2023.

H.     The provisions of the Preliminary Approval Order as to notice were complied with;

I.     On November 14, 2023, Class Representatives moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held before this Court on December 19, 2023, at which time all interested Persons were afforded the opportunity to be heard; and

J.     This Court has duly considered Class Representatives' motion, the affidavits, declarations, and memoranda of law submitted in support thereof, the Stipulation and its exhibits, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED AND DECREED that:

1.     **Incorporation of Settlement Documents.** This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on August 14, 2023; and (ii) the Settlement Notice, which was filed with the Court on November 14, 2023. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

3

2.     **Jurisdiction.** This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Class Members.

3.     **Notice.** The Court finds that the mailing and publication of the Settlement Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to, and did, apprise Class Members of the terms, nature, and effect of the Settlement, the Plan of Allocation, Class Counsel's request for an award of attorney's fees and payment of Litigation Expenses incurred in connection with the prosecution of the Action, and Class Members' right to object, and the right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

4.     **Objections.** There have been no objections to the Settlement.

5.     **Final Settlement Approval and Dismissal of Claims.** Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation and finds that in light of the benefits to the Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Class Representatives and Class Counsel have adequately represented the Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Class is adequate, having taken into account (i) the costs,

4

risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (d) the proposed Plan of Allocation treats Class Members equitably relative to each other.  Accordingly, the Settlement is hereby approved in all respects (including, without limitation, the amount of the Settlement; the releases provided for; and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation and this Judgment. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

6.      The Second Amended Consolidated Class Action Complaint, filed on September 12, 2018, (the "Complaint") is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

7.      **Rule 11 Findings.** The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

8.      **Releases.** The releases set forth in paragraphs 3 and 4 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  Upon the Effective Date, Class Representatives and each and every other Releasing Plaintiff Party, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed, with prejudice, each and every one of the Settled Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Settled Plaintiffs' Claims against any and all of the Released Defendant Parties.

Notwithstanding the foregoing, Settled Plaintiffs' Claims shall not include: (i) claims relating to the enforcement of the Settlement; (ii) any claims in the shareholder derivative actions *Sundquist v. Wilson, et al.*, No. 18 CV 3598 (N.D. Ill.), *IBEW Local 98 Pension Fund, et al. v. Wilson, et al.*, 2018-CH-04793 (Cook Cty Circuit Crt, IL), *Biefeldt, et al. v. The Allstate Corp., et al.*, 2017-CH-10676 (Cook Cty Circuit Crt, IL), and *Mims v. Wilson, et al.*, No. 1:20-cv-01038 (N.D. Ill.); or (iii) claims asserted by Class Members under their Allstate insurance policy/ies. Any Person listed on Exhibit A hereto has submitted a request for exclusion that has been accepted by the Court, shall not be deemed a Class Member, and shall not be bound by the terms of the Stipulation or this Judgment.

9. Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacity as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed, with prejudice, each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

10. **Binding Effect.** Each Class Member, whether or not such Class Member executes and delivers a Claim Form or seeks or obtains a distribution from the Net Settlement Fund, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

11. **No Admissions.** This Judgment and the Stipulation, whether or not consummated, and any statements, documents, discussions, negotiations, proceedings, or agreements relating to the Stipulation or the Settlement, and any matter arising in connection with settlement

6

discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or other Released Parties, or their respective counsel, for any purpose other than to enforce the terms hereof, and in particular:

     (a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of, or any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Class Representatives and the Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Settled Plaintiffs' Claims, or of any liability, damages, negligence, fault, or wrongdoing of Defendants or any person or entity whatsoever;

     (b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties as evidence, or a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Class Representatives, or any other member of the Class as evidence of any infirmity in the claims of Class Representatives, or the other members of the Class;

     (c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants or the Released Defendant Parties, Class Representatives, any other member of the Class, or their respective counsel, as evidence of, or a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants or the Released Defendant Parties, Class Representatives, other members of the

Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than as may be necessary to effectuate the provisions of the Stipulation;

        (d)    do not constitute, and shall not be construed against any of the Defendants or the Released Defendant Parties, Class Representatives, or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

        (e)    do not constitute, and shall not be construed as or received as evidence of or as an admission, concession, or presumption against Class Representatives, or any other member of the Class, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

12.    The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

13.    **Termination of Settlement.** In the event that this Judgment does not become Final or the Settlement, for any other reason, is terminated or does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

14.    **Modification of the Stipulation.** Without further approval from the Court, Class Representatives and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this judgment; and (b) do not materially limit the rights of

Class Members in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

15. **Fee Order and Order on Plan of Allocation.** A separate order shall be entered regarding Class Counsel's motion for an award of attorneys' fees and payment of expenses. A separate order shall be entered regarding the Plan of Allocation set forth in the Notice. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

16. **Retention of Jurisdiction.** Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement and the provisions and terms of the Stipulation; (ii) the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award from or other distributions of or from the Settlement Fund; (iii) the Plan of Allocation and any disposition of the Settlement Fund; (iv) the hearing and determination of any application(s) for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties and members of the Class for the purpose of construing, enforcing and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

17. **Entry of Final Judgment.** There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated:     December 19 , 2023

HONORABLE ROBERT W. GETTLEMAN
UNITED STATES DISTRICT JUDGE

## **EXHIBIT A**

1. Duane Claasen
2. Pamela Stuart and David O'Keefe
3. Susan Elaine Mutter